FILED

January 7 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0393

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 3N

IN THE MATTER OF:

N.D.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DN 07-33B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Joslyn Hunt, Chief Appellate Defender; Elizabeth Thomas, Assistant
Appellate Defender; Missoula, Montana

    For Appellee:

        Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General; Helena, Montana

        Scott J. Pederson, Child Protection Unit, Billings, Montana

Submitted on Briefs:  November 18, 2009

Decided:  January 7, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mother appeals the District Court's order terminating her parental rights to her minor child, N.D. We affirm.

¶3 Mother and father lived in Oregon at the time of N.D.'s birth. Mother sent N.D. and father to Montana to get settled while she resolved a custody dispute with her ex-husband regarding several other children. Father experienced difficulty caring for three-month-old N.D. Father ended up shaking N.D. to the point that he was injured severely. The State charged father with assault for the incident and father entered a plea of guilty. Father voluntarily terminated his parental rights.

¶4 The State took custody of N.D. after the shaken baby incident. Mother attempted to set up a home study treatment plan in Oregon. Oregon authorities refused to approve the arrangement in light of the unsettled circumstances of mother's life in Oregon. Mother eventually moved to Montana. N.D. remained in foster care throughout these proceedings.

¶5 The court had adjudicated N.D. a youth in need of care shortly after the shaken baby incident. The Department of Public Health and Human Services and mother agreed to a treatment plan. Mother performed some portions of the plan, though she had difficulty

2

maintaining employment and developing her parenting skills. The court eventually terminated mother's parental rights on the basis that she had not completed her treatment plan.

¶6     Mother argues on appeal that she was making progress on the treatment plan and that she was doing the best she could under the circumstances. She contends that she had made substantial progress by the time of the court's decision to terminate.

¶7     We review a district court's decision to terminate a person's parental rights to determine whether the court abused its discretion. *In re A.H.D.*, 2008 MT 57, ¶ 11, 341 Mont. 494, 178 P.3d 131. We review a district court's specific factual findings to determine whether the findings are clearly erroneous. *A.H.D.*, ¶ 12. We review for correctness a district court's conclusions of law. *A.H.D.*, ¶ 12.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the court's legal conclusions were correct.

¶9     We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER

3

/S/ W. WILLIAM LEAPHART